examination in reference to said correspondence might have elicited statements that would have changed the result of the trial.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

---

### BRADY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE.

Where a railroad with four tracks passed through an open cut, the distance between tracks being seven feet, and the distance from the outside rail to the retaining wall being six feet, a foreman, pointing out places in the wall to be cut for electric wires, while walking on the second track was struck by a train. *Held,* that the company was not negligent in not having a watchman on the wall to give warning of what tracks trains were coming on; he, though an experienced railroad man, not asking therefor, and he having authority to do this himself.

2. SAME—CONTRIBUTORY NEGLIGENCE.

A foreman, an experienced railroad man, walking along one of the four tracks of a railroad in an open cut, the tracks being 7 feet apart, and the retaining walls being 6 feet beyond the outer rails, pointing out work to be done on the walls, was struck by a train, which could have been seen 900 feet away, and which when 200 feet away could have been seen to be on the track it was. *Held,* that he was guilty of contributory negligence.

Miller, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Mary Brady, administratrix of Patrick Brady, deceased, against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

John F. Brennan, for appellant.
Charles A. Collin, for respondent.

GAYNOR, J. The motion to dismiss should have been granted. The deceased was killed by being struck by the engine of an express passenger train of the defendant between 165th and 166th streets in Bronx borough, city of New York, while walking north along the tracks. There were four tracks numbered from 1 to 4 from the east side. Their general course was north and south. The two on the east side were incoming and the other two outgoing trains. The inside two were the express tracks, and the two outside ones for local trains. The tracks were in an open cut 53 feet wide and about 5 feet deep. On each side of it was a wall of masonry about 4 to 5 feet high. The distance from the east wall to the east track was given by a civil engineer for the plaintiff as 5 feet 10 inches from memory, he having lost the note he made of the measurement, and by the civil engineer called by the defendant as 5.95 feet from actual measurement. The distance between tracks was 7 feet 8¼ inches. The plaintiff's engineer says he took it for granted that it was 7 feet.

The deceased was a foreman. Work was being done along the masonry of the side of the cut to set in tubes or wires for electricity. The defendant was changing its motive power to electricity coming into the city. The deceased went into the cut with two masons to show them work to do. They walked along the track to 165th street, and he pointed out how the stone on the abutment of the street bridge overhead there was to be cut out. They then continued along toward 166th street to locate other similar work. They were walking on track 2 when the accident happened. They had to be on keen lookout all the while for the frequent trains going both ways. About midway between 165th and 166th street they heard and then saw a train coming toward them. As soon as they saw it was on track 2, on which they were walking, they jumped off, but the deceased was not out of the way quite quick enough, and was struck by the side of the locomotive and killed. The tracks curve from between 164th and 165th street to 167th · street, or further. The companions of the deceased testified that while they could see the train coming about a block and one-half away—300 feet or more—it was impossible to tell which of the two tracks it was on until it was about 40 yards away; that beyond that distance the tracks seemed to melt together and grow indistinguishable. The civil engineers called by the plaintiff testified from actual experiment and measurement, one that the train could be seen to be on track 2 205 feet and the other 210 feet away. The train could be seen coming about 900 feet away.

The point of negligence submitted to the jury was whether the defendant should not have had a watchman on the wall to warn the deceased of the tracks trains were approaching on as he walked along from block to block to point out the work to be done. He was an experienced railroad man, and a foreman, but asked for no such protection. More than this, he did not need to, for he had authority to employ and station flagmen or watchmen himself, as it is the duty of foremen to do to protect their men on railroad tracks. Evidence was allowed of persons who had theretofore seen such watchmen on the walls with whistles and megaphones to warn gangs of men working on the tracks of approaching trains; but that was not this case. The deceased and his companions were not working on the tracks, nor were they going to. They were walking along the tracks for the purpose of locating work to be done on the walls on either side. Moreover, they had no occasion to be on a track and in the way of a train. There was a space of 7 feet 8¼ inches between tracks and another of nearly 6 feet from the east wall to the first rail, in either of which they would have been perfectly safe. The deceased was negligent, and the defendant omitted no duty to him.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except MILLER, J., who dissents.